**FILED**
**FEB 18 2015**
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE PRATHER-EL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. ATTORNEY GENERAL, *et al.*, )<br>)<br>Defendants. ) | Case: 1:15-cv-00244<br>Assigned To : Unassigned<br>Assign. Date : 2/18/2015<br>Description: Pro Se Gen. Civil |

### MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff identifies himself as "a Member, Citizen of [t]he Incorporated Organization, of The Moorish Science Temple, of America[,]" Compl. ¶ 4, who "was born an unconscious Asiatic (negro, black, colored so-called) being that had no rights . . . that a citizen was bound to respect[] in America," *id*. at 1. He appears to request a court order for the expungement of criminal files maintained by federal, state and local law enforcement agencies, the free exercise of his religion, and the enactment of federal legislation to ensure that "Moorish-Americans can Socially, Religiouslly [sic], Politically, Economically, Culturally, Judicially and Nationally receive our Divine Rights unmolested by other citizens." *Id*. ¶ 13.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the



defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). With these considerations in mind, the Court concludes that the complaint must be dismissed.

The complaint sets forth few factual allegations, and the plaintiff demands the protection of rights without having alleged that the defendants actually have violated those rights. Thus, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (brackets, internal quotation marks and citation omitted). The Court and will dismiss the complaint without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

DATE: 2/9/2015